■ JANET FILIPPAZZO, Appellant, v YVONNE SANTIAGO, Respondent. [716 NYS2d 710] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 9, 2000, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is granted.

The defendant admitted during her examination before trial that she did not see the plaintiff's car until she was only three car lengths away, when she could not avoid colliding into the rear of the plaintiff's car.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause (*see, Power v Hupart,* 260 AD2d 458; *Leal v Wolff,* 224 AD2d 392; *Barile v Lazzarini,* 222 AD2d 635, 636). When a driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see, Power v Hupart, supra; Abramowicz v Roberto,* 220 AD2d 374). In addition, Vehicle and Traffic Law § 1129 (a) requires a driver to maintain a safe distance between vehicles: "The driver of a mo-

tor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Moreover, "drivers have a 'duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident' " (*Johnson v Phillips,* 261 AD2d 269, 271, quoting *DeAngelis v Kirschner,* 171 AD2d 593).

The defendant failed to come forward with a nonnegligent explanation for the accident. The defendant claims that the brake lights on the plaintiff's vehicle were not functioning and that the plaintiff failed to use her turning signals. However, in light of the defendant's admission that she did not see the plaintiff's vehicle until she was only three car lengths away, she failed to raise a triable issue of fact that the malfunctioning brake lights and the plaintiff's failure to use her turning signals were a proximate cause of the accident. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.