■ ROSA GROSS et al., Respondents, v JEANE E. MARC, Respondent, and HENRY WEILL et al., Appellants. [768 NYS2d 627]—

In an action to recover damages for personal injuries, the defendants Henry Weill and Michael Gross appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated March 22, 2002, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The appellant Henry Weill was driving a vehicle owned by the appellant Michael Gross when the vehicle was struck in the rear by a vehicle operated by the defendant Jean Marc. The appellants' vehicle had come to a complete stop for a red traffic light two minutes before the accident. As a result of the accident, the plaintiffs, passengers in the appellants' vehicle, sustained injuries.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (*see Leal v Wolff,* 224 AD2d 392, 393 [1996]; *Gambino v City of New York,* 205 AD2d 583 [1994]; *Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572 [1990]). The appellants submitted evidence sufficient to sustain their initial burden of demonstrating their entitlement to judgment as a matter of law. In response, the defendant Jean Marc failed to provide evidence sufficient to raise a triable question of fact as to whether the alleged malfunctioning brake lights on the appellants' vehicle proximately caused the accident

(*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Crisano v Comp Tools Corp.,* 295 AD2d 393 [2002]; *Filippazzo v Santiago,* 277 AD2d 419 [2000]).

Moreover, the defendant Marc failed to demonstrate that a determination of the motion should have been postponed on the ground that further discovery might have revealed the existence of material facts (*Cardilli v Munves,* 273 AD2d 336 [2000]; *Muhlrad v Town of Goshen,* 231 AD2d 615 [1996]). Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.