DIONE STATON et al., Appellants, v DRAGOS LAV ILIC et al., Respondents. ALBERTO ZORRILLA, Counterclaim Defendant-Appellant. [892 NYS2d 486]—

A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the offending vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see *Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Arias v Rosario*, 52 AD3d 551 [2008]). If the operator of the moving vehicle cannot come forward with evidence to rebut the inference of negligence, the occupants and owner of the stationary vehicle are entitled to summary judgment on the issue of liability (see *Lundy v Llatin*, 51 AD3d 877 [2008]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736 [2007]).

The plaintiffs established their entitlement to judgment as a matter of law by submitting affidavits wherein they averred that the vehicle operated by Alberto Zorrilla, the plaintiff/counterclaim defendant, in which the plaintiff Dione Staton was

a passenger, was stopped when it was struck in the rear by the vehicle operated by the defendant Dragos Lav Ilic and owned by the defendant Snezana Ilic (*see Garner v Chevalier Transp. Corp.,* 58 AD3d 802 [2009]; *Jumandeo v Franks,* 56 AD3d 614 [2008]; *Neidereger v Misuraca,* 27 AD3d 537 [2006]; *Rainford v Sung S. Han,* 18 AD3d 638 [2005]; *Russ v Investech Sec.,* 6 AD3d 602 [2004]). In opposition, the defendants failed to provide a nonnegligent explanation for the collision. The defendant driver's mere assertion that the Zorrilla vehicle came to a sudden stop while traveling in heavy traffic was insufficient to raise a triable issue of fact (*see Jumandeo v Franks,* 56 AD3d 614 [2008]; *Neidereger v Misuraca,* 27 AD3d 537 [2006]; *Rainford v Sung S. Han,* 18 AD3d 638 [2005]; *Russ v Investech Sec.,* 6 AD3d 602 [2004]). Similarly, in response to Zorrilla's demonstration of his entitlement to judgment as a matter of law dismissing the counterclaim, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the motions were not premature (*see* CPLR 3212 [f]; *Kimyagarov v Nixon Taxi Corp.,* 45 AD3d 736 [2007]). Accordingly, the Supreme Court should have granted the motion and the cross motion. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.