■ LUCREZIA VOLPE, Respondent, v ROBERT LIMONCELLI et al., Appellants. [902 NYS2d 152]—

In an action to recover damages for personal injury, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated August 3, 2009, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see Johnston v Spoto*, 47 AD3d 888 [2008]; *Hakakian v McCabe*, 38 AD3d 493 [2007]).

The plaintiff sustained her burden of establishing a prima facie case of negligence by proffering her testimony at a hearing held pursuant to General Municipal Law § 50-h wherein she stated, inter alia, that she was stopped at a red light waiting to make a right turn when her vehicle was struck in the rear by a garbage truck owned by the defendant Town of Oyster Bay and driven by its employee, the defendant Robert Limoncelli (hereinafter the defendant driver). In opposition to the motion, the defendant driver submitted an affidavit in which he alleged, among other things, that the plaintiff had begun to make a permitted right turn on the red light but then abruptly stopped, and he was unable to stop on the "wet roadway." Even according full credit to the defendants' version of the accident, it was insufficient to raise a triable issue of fact in light of the circumstances of the accident. "[V]ehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since

he or she is under a duty to maintain a safe distance between his or her car and the car ahead" (*Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]; *see* Vehicle and Traffic Law § 1129 [a]; *Levine v Taylor*, 268 AD2d 566 [2000]; *see also David v New York City Bd. of Educ.*, 19 AD3d 639 [2005]; *Malone v Morillo*, 6 AD3d 324 [2004]). Nor is the inference of negligence rebutted by the mere assertion that the defendants' vehicle was unable to stop on the allegedly wet roadway (*see Faul v Reilly*, 29 AD3d 626 [2006]; *Pincus v Cohen*, 198 AD2d 405 [1993]; *Schmidt v Edelman*, 263 AD2d 502, 503 [1999]; *Benyarko v Avis Rent A Car Sys.*, 162 AD2d 572, 573 [1990]; *see also Hart v Town of N. Castle*, 305 AD2d 543 [2003]; *Kosinski v Sayers*, 294 AD2d 407 [2002]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.