■ CARLOS PARRA et al., Appellants, v JAMES F. HUGHES et al., Respondents. [914 NYS2d 249]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Hart, J.), dated May 24, 2010, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

The instant action arises out of a five-car motor vehicle accident that occurred on the upper level of the Verrazano Narrows Bridge on July 6, 2008. The plaintiff Carlos Parra was operating the second vehicle, in which the plaintiff Maria Parra was a passenger, and the defendant Tyler J. Hughes (hereinafter the defendant) was operating the fourth vehicle, which was owned by the defendants James Hughes and Jill Hughes. At the time of the accident, traffic had apparently come to a stop, when

the defendant's vehicle struck the vehicle in front of him, pushing it into the back of the plaintiff's vehicle.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Volpe v Limoncelli*, 74 AD3d 795, 795 [2010]; *see DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Lampkin v Chan*, 68 AD3d 727 [2009]; *Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see also Abbott v Picture Cars E., Inc.*, 78 AD3d 869 [2d Dept 2010]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by tendering their affidavits, wherein they stated that they had been at a stop in traffic on the bridge when their vehicle was struck in the rear by another vehicle, which had been pushed into them by the defendant's vehicle. In opposition, the defendant failed to raise a triable issue of fact. The defendant submitted an affidavit wherein he stated that he "was attempting to change lanes and merge into my destination lane when the vehicle [in front of him] came to an abrupt stop." However, the defendant's claim that the vehicle immediately in front of him made a sudden stop, standing alone, was insufficient, under the circumstances of this case, to rebut the presumption of negligence (*see Volpe v Limoncelli*, 74 AD3d 795 [2010]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Lampkin v Chan*, 68 AD3d 727 [2009]). Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.