■ Angie Plummer, Appellant, v Laayali Nourddine et al., Defendants, and Marjit Singh et al., Respondents. [919 NYS2d 187]—

On November 15, 2008, the plaintiff was a passenger in a taxi owned by the defendant Kroshka Taxi, Inc. (hereinafter the Kroshka taxi), and operated by the defendant Laayali Nourddine, when it struck the rear of another taxi owned by the defendant Biker Singh and operated by the defendant Marjit Singh (hereafter together the respondents). The respondents moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not at fault in causing the subject accident.

A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (*see Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725 [2d Dept 2011]; *Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; Vehicle and Traffic Law § 1129 [a]; *see generally Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]; *Maxwell v Lobenberg*, 227 AD2d 598, 598-599 [1996]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a

nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Parra v Hughes*, 79 AD3d 1113 [2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Volpe v Limoncelli*, 74 AD3d 795 [2010]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Klopchin v Masri*, 45 AD3d 737 [2007]).

In support of their motion for summary judgment, the respondents relied upon, inter alia, the deposition testimony of Marjit Singh, who testified that while he was stopped, waiting for a red light, his vehicle was struck in the rear by the Kroshka taxi. The plaintiff's deposition testimony, which was also relied upon by the respondents in support of their motion, while inconsistent on the issue of whether the plaintiff actually saw the respondents' taxi stop prior to the collision, revealed that the Kroshka taxi was traveling on a wet road, in heavy traffic, and was less than one car length behind the respondents' taxi when the subject accident occurred. Through these submissions, the respondents established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them.

In opposition, with respect to the operation of the Kroshka taxi, the plaintiff failed to provide a nonnegligent explanation for the rear-end collision. In support of her opposition, the plaintiff relied on her deposition testimony, as well as Nourddine's deposition testimony. Nourddine, at his deposition, testified that the respondents' taxi came to a sudden stop while traveling in heavy traffic on a wet roadway. The mere assertion that the respondents' taxi came to a sudden stop while traveling in heavy traffic was insufficient to raise a triable issue of fact (*see Staton v Ilic*, 69 AD3d at 607). The inference of negligence also was not rebutted by the mere assertion that the Kroshka taxi was unable to stop on a wet roadway (*see Volpe v Limoncelli*, 74 AD3d at 796).

Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Covello, J.P., Belen, Hall and Cohen, JJ., concur.