■ Paul Giangrasso, Respondent, v Martin Callahan et al., Appellants. [928 NYS2d 68]—

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (*see* Vehicle and Traffic Law § 1129 [a]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011]; *Nsiah-Ababio v Hunter*, 78 AD3d 672 [2010]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d at 726; *Parra v Hughes*, 79 AD3d 1113, 1114 [2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]). In support of his motion, the plaintiff principally relied upon his own deposition testimony and the deposition testimony of the defendant driver, Martin Callahan. The plaintiff testified that as his vehicle was stopped at a stop sign at the end of a Northern State Parkway exit ramp, awaiting clearance to merge into the right lane of Route 110 south, his vehicle was struck in the rear by the defendants' vehicle. At his deposition, Callahan testified that as his vehicle entered the exit ramp, he saw the plaintiff's vehicle stopped at the end of the ramp, and he brought his vehicle to a stop behind it. Upon seeing the plaintiff's vehicle move forward, Callahan took his eyes off the plaintiff's vehicle, looked to his left, and accelerated forward before looking forward, striking the plaintiff's vehicle. Contrary to the defendants' contention, under the circumstances of this case, Callahan's own deposition testimony established that his inattentiveness in not looking in the direction he was driving was the sole proximate cause of the accident (*see Sheeler v Blade Contr.*, 262 AD3d 632, 633 [1999]). Accordingly, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the defendants failed to raise a triable issue of fact.

The Supreme Court also properly denied the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants contended that the plaintiff's injuries were from a prior accident. The defendants' examining physicians failed to compare the results of their findings as to the plaintiff's range of motion in his spine after the subject accident with his condition before the accident. Absent such a comparative quantification of their findings, it cannot be concluded that the preexisting limitation in the range of motion in the plaintiff's spine was not exacerbated by the accident (*see McKenzie v Redl*, 47 AD3d 775, 777 [2008]; *McLaughlin v Rizzo*, 38 AD3d 856, 858 [2007]; *Spektor v Dichy*, 34 AD3d 557, 558 [2006]). Since the defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, it is unnecessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see Levin v Khan*, 73 AD3d 991, 992 [2010]; *McKenzie v Redl*, 47 AD3d at 775; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30218(U).]**