■ CHARLES H. BALDUCCI et al., Respondents-Appellants, v GEORGE VELASQUEZ et al., Appellants-Respondents. [938 NYS2d 178]—

As to the first accident, Velasquez moved for summary judgment and relied upon, inter alia, the affirmed medical report of Dr. Robert Israel, Velasquez's examining orthopedic surgeon. Dr. Israel examined the injured plaintiff on December 3, 2009, and during cervical spine testing reported finding significant limitations. Accordingly, Velasquez failed to sustain his prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Taylor v Taylor*, 87 AD3d 1129 [2011]; *Astudillo v MV Transp., Inc.*, 84 AD3d 1289 [2011]; *Rhodes v Stoddard*, 79 AD3d 997 [2010]; *Kharzis v PV Holding Corp.*, 78 AD3d 1122 [2010]). Moreover, while Dr. Israel opined that the injured plaintiff's disability was causally related to the subsequent accidents and not to the first one, he provided no foundation for that conclusion (*see Franchini v Palmieri*, 1 NY3d 536 [2003]; *Bengaly v Singh*, 68 AD3d 1030 [2009]; *Buono v Sarnes*, 66 AD3d 809 [2009]; *see also Borras v Lewis*, 79 AD3d 1084 [2010]; *Landman v Sarcona*, 63 AD3d 690 [2009]; *Powell v Prego*, 59 AD3d 417 [2009]). Since Velasquez failed to establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiffs' opposition papers, and the Supreme Court properly denied his motion (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The Supreme Court also properly denied the separate cross motions of the Behnambakhshes and Decanio. The medical report of Dr. George V. DiGiacinto, submitted by the Behnambakhshes, was unaffirmed and, thus, in inadmissible form (*see*

*Grasso v Angerami*, 79 NY2d 813 [1991]; *Lively v Fernandez*, 85 AD3d 981 [2011]; *Pierson v Edwards*, 77 AD3d 642 [2010]; *Vasquez v John Doe #1*, 73 AD3d 1033 [2010]). Furthermore, the admissible evidence relied upon by the Behnambakhshes did not eliminate all material issues of fact as to whether the injured plaintiff sustained a serious injury as a result of the second accident, and the evidence relied upon by Decanio similarly did not eliminate all material issues of fact as to whether the injured plaintiff sustained a serious injury as a result of the third accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Olic v Pappas*, 47 AD3d 780 [2008]). Since the Behnambakhshes and Decanio failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

As a general matter, the operator of a motor vehicle has a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (*see Filippazzo v Santiago*, 277 AD2d 419 [2000]; *Johnson v Phillips*, 261 AD2d 269 [1999]). The operator of a motor vehicle approaching another motor vehicle from the rear is obligated to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see Power v Hupart*, 260 AD2d 458 [1999]; *see also* Vehicle and Traffic Law § 1129 [a]). However, a driver also has the duty "to not stop suddenly or slow down without proper signaling so as to avoid a collision" (*Drake v Drakoulis*, 304 AD2d 522, 523 [2003]; *see Purcell v Axelsen*, 286 AD2d 379, 380 [2001]; *Colonna v Suarez*, 278 AD2d 355 [2000]; *see also* Vehicle and Traffic Law § 1163).

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Volpe v Limoncelli*, 74 AD3d 795, 795 [2010] [internal quotation marks omitted]; *see Parra v Hughes*, 79 AD3d 1113 [2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Lampkin v Chan*, 68 AD3d 727 [2009]; *Klopchin v Masri*, 45 AD3d 737, 737 [2007]). Here, in support of the plaintiffs' cross motion for summary judgment on the issue of liability, they established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting the deposition testimony of the injured plaintiff which established, with re-

spect to each of the three accidents, that his vehicle was stopped when the defendants' respective vehicles struck his vehicle from the rear (*see Cortes v Whelan*, 83 AD3d 763, 763-764 [2011]; *Gross v Marc*, 2 AD3d 681 [2003]).

Velasquez did not oppose the plaintiffs' cross motion, and Decanio and the Behnambakhshes merely relied on the contention that in relation to their respective accidents with the injured plaintiff, they did not recall seeing brake lights or any other illumination on his vehicle before the collisions. These submissions were insufficient to raise a triable issue of fact (*see Cortes v Whelan*, 83 AD3d at 764; *Macauley v Elrac, Inc.*, 6 AD3d 584, 585 [2004]; *Gross v Marc*, 2 AD3d 681 [2003]; *Waters v City of New York*, 278 AD2d 408, 409 [2000]; *Barile v Lazzarini*, 222 AD2d 635 [1995]). Accordingly, the Supreme Court erred in denying the plaintiffs' cross motion for summary judgment on the issue of liability. Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33159(U).]**