In an action to recover damages for personal injuries, the defendants Andrew J. Smith and Theresa R. Smith appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), entered June 3, 2011, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
*705 Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants, payable by the plaintiff, the defendant Emma Calogero, and the defendants Eric Brennan and Amanda Averitt, and the motion of the defendants Andrew J. Smith and Theresa R. Smith for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
The plaintiff commenced this action to recover damages for injuries allegedly sustained in a motor vehicle accident that occurred on December 12, 2009, on northbound New York State Route 211 in the Town of Montgomery. On that date, the plaintiff was a passenger in a vehicle operated by the defendant Eric Brennan, and owned by the defendant Amanda Averitt (hereinafter the Averitt vehicle). The Averitt vehicle struck the rear of a vehicle owned by the defendant Theresa R. Smith and operated by the defendant Andrew J. Smith (hereinafter together the appellants), after the appellants’ vehicle had come to a stop in order to avoid hitting a vehicle operated by the defendant Emma Calogero, which crossed in front of the appellants’ vehicle while making a left turn from Canning Road to head southbound on New York State Route 211.
A driver of a vehicle approaching another vehicle from behind is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (see Ortiz v Hub Truck Rental Corp., 82 AD3d 725 [2011]; Nsiah-Ababio v Hunter, 78 AD3d 672 [2010]; Vehicle and Traffic Law § 1129 [a]). In this vein, drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (see Filippazzo v Santiago, 277 AD2d 419 [2000]; Johnson v Phillips, 261 AD2d 269 [1999]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Parra v Hughes, 79 AD3d 1113, 1114 [2010]; DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489, 490 [2010]; Volpe v Limoncelli, 74 AD3d 795 [2010]; Staton v Ilic, 69 AD3d 606 [2010]; Lampkin v Chan, 68 AD3d 727 [2009]). A claim of a sudden stop by the leading vehicle, standing alone, is insufficient to rebut the presumption of negligence (see Franco v Breceus, 70 AD3d 767, 768 [2010]).
In support of the appellants’ motion, they established their prima facie entitlement to judgment as a matter of law by relying on their deposition testimony, as well as the deposition *706 testimony of Calogero, the plaintiff, and Brennan. The testimony of those parties demonstrated that Calogero decided to turn her vehicle left from Canning Road directly in front of the appellants’ vehicle, when the appellants’ vehicle was, at most, two car lengths away from the Calogero vehicle. Andrew J. Smith testified that, as he saw the Calogero vehicle suddenly accelerate from Canning Road in front of him, he applied his brakes and came to a full stop, avoiding all contact with the Calogero vehicle, and that, immediately thereafter, the Averitt vehicle, operated by Brennan, struck his vehicle in the rear.
In opposition, neither the plaintiff, nor Calogero, Brennan, or Averitt, raised a triable issue of fact as to any negligence on the appellants’ part. The plaintiffs contention, made in opposition to the appellants’ prima facie showing, was essentially that the appellants’ vehicle came to a sudden stop. As stated previously, a claim that the leading vehicle came to a sudden stop, standing alone, is insufficient to rebut the inference of negligence caused by the rear-end collision (id. at 768). Moreover, Brennan admitted during his deposition that he was distracted from his observation of the appellants’ vehicle as it traveled in front of him when he observed the Calogero vehicle cross in front of the appellants’ vehicle, and that he never saw the appellants’ vehicle come to a stop. In addition, Calogero failed to raise a triable issue of fact with respect to whether the appellants were comparatively at fault in the happening of the accident because their vehicle was allegedly speeding.
Therefore, the Supreme Court should have granted the appellants’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Skelos, J.P., Florio, Roman and Miller, JJ., concur.