■ ROSALIE HAUSWIRTH, Respondent, v TRANSCARE NEW YORK, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. Ann Soehngen, Third-Party Defendant-Appellant. [949 NYS2d 154]—

When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see Power v Hupart*, 260 AD2d 458 [1999]; *see also* Vehicle and Traffic Law § 1129 [a]). Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (*see Maragos v Sakurai*, 92 AD3d 922, 923 [2012]; *Balducci v Velasquez*, 92 AD3d 626, 628 [2012]; *Filippazzo v Santiago*, 277 AD2d 419 [2000]; *Johnson v*

*Phillips*, 261 AD2d 269 [1999]). However, a driver also has the duty "to not stop suddenly or slow down without proper signaling so as to avoid a collision" (*Drake v Drakoulis*, 304 AD2d 522, 523 [2003]; *see Purcell v Axelsen*, 286 AD2d 379, 380 [2001]; *Colonna v Suarez*, 278 AD2d 355, 355 [2000]; *see also* Vehicle and Traffic Law § 1163).

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Volpe v Limoncelli*, 74 AD3d 795, 795 [2010] [internal quotation marks omitted]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Martinez v Martinez*, 93 AD3d 767, 768 [2012]; *Giangrasso v Callahan*, 87 AD3d 521 [2011]; *Parra v Hughes*, 79 AD3d 1113 [2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Lampkin v Chan*, 68 AD3d 727 [2009]; *Klopchin v Masri*, 45 AD3d 737, 737 [2007]). Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient nonnegligent explanation (*see Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]; *Harris v Ryder*, 292 AD2d 499, 500 [2002]).

The plaintiff and Ann Soehngen, the third-party defendant, established in support of their respective motions for summary judgment that both of their vehicles were at a complete stop when a vehicle operated by the defendant Andrew Peter Cimino and owned by the defendant Transcare New York, Inc. (hereinafter together Transcare), struck the plaintiff's vehicle in the rear, which propelled the plaintiff's vehicle into the rear of Soehngen's vehicle. They also established on their respective motions that Cimino, just prior to the impact of his vehicle with the rear of the plaintiff's vehicle, took his eyes from the road, and when he turned his attention back to the road, he saw the plaintiff's vehicle already stopped behind Soehngen's vehicle, but was unable to stop in time to avoid striking the plaintiff's vehicle in the rear.

Under these circumstances, Soehngen established her prima facie entitlement to judgment as a matter of law by demonstrating that her vehicle was stopped when the accident occurred (*see Balducci v Velasquez*, 92 AD3d 626 [2012]), and that Cimino was the sole proximate cause of the accident due to his own inattentiveness in taking his eyes off the road in the direction he was traveling (*see Giangrasso v Callahan*, 87 AD3d 521 [2011]). The plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that her vehicle

was stopped when the Transcare vehicle struck her vehicle from the rear and propelled her vehicle into the rear of the Soehngen vehicle (*see Balducci v Velasquez*, 92 AD3d at 626; *see also Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d at 877; *Harris v Ryder*, 292 AD2d at 500).

Contrary to Transcare's contention on appeal, it failed to raise a triable issue of fact as to whether any of the actions of the driver of the plaintiff's vehicle or of Soehngen immediately prior to the accident was a proximate cause of the accident so as to provide a nonnegligent excuse for the collision into the rear of the plaintiff's vehicle.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability, and should have granted Soehngen's motion for summary judgment dismissing the third-party complaint.

Transcare's remaining contention is without merit. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.