■ LUDWYKA LAPIERRE, Respondent, v PENNI LOVE, Appellant. [954 NYS2d 154]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated July 26, 2011, which denied her mo-

tion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

" 'A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Volpe v Limoncelli*, 74 AD3d 795, 795 [2010], quoting *Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 845-846 [2012]; *Balducci v Velasquez*, 92 AD3d 626, 628 [2012]; *Perez v Roberts*, 91 AD3d 620, 621 [2012]; *Kastritsios v Marcello*, 84 AD3d 1174, 1174-1175 [2011]). Here, in support of her cross motion for summary judgment on the issue of liability, the plaintiff established, prima facie, her entitlement to judgment as a matter of law by demonstrating that her vehicle was stopped when it was struck in the rear by the defendant's vehicle.

In opposition, the defendant failed to raise a triable issue of fact. As properly found by the Supreme Court, under the doctrine of collateral estoppel, the defendant is precluded from asserting that, at the time of the accident, she was faced with an emergency situation which caused her to strike the plaintiff's vehicle. "Under the doctrine of collateral estoppel, a party is precluded 'from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same' " (*Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 97 AD3d 716, 717 [2012], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Cudar v Cudar*, 98 AD3d 27, 31 [2012]). At a previously held framed-issue hearing, the issue of whether the defendant was faced with an emergency situation was "actually litigated, squarely addressed and [it was] specifically decided" that the defendant did not face an emergency situation (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and correctly granted the plaintiff's cross motion for summary judgment on the issue of liability. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.