When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, *760 and to exercise reasonable care to avoid colliding with the other vehicle (see Taing v Drewery, 100 AD3d 740 [2012]; Ortiz v Hub Truck Rental Corp., 82 AD3d 725 [2011]; Nsiah-Ababio v Hunter, 78 AD3d 672 [2010]; Power v Hupart, 260 AD2d 458 [1999]; see also Vehicle and Traffic Law § 1129 [a]). Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (see Maragos v Sakurai, 92 AD3d 922, 923 [2012]; Balducci v Velasquez, 92 AD3d 626, 628 [2012]; Filippazzo v Santiago, 277 AD2d 419 [2000]; Johnson v Phillips, 261 AD2d 269 [1999]). “A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision” (Volpe v Limoncelli, 74 AD3d 795, 795 [2010] [internal quotation marks omitted]; see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Martinez v Martinez, 93 AD3d 767, 768 [2012]; Giangrasso v Callahan, 87 AD3d 521 [2011]; Parra v Hughes, 79 AD3d 1113 [2010]; DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489, 490 [2010]; Staton v Ilic, 69 AD3d 606 [2010]; Lampkin v Chan, 68 AD3d 727 [2009]; Klopchin v Masri, 45 AD3d 737, 737 [2007]).
Here, the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law against the defendant Institute for Community Living (hereinafter ICL) and the operator of its vehicle by submitting, inter alia, her own affidavit regarding the circumstances of the accident, including the fact that the vehicle in which she was a passenger, which was driven by the defendant E Spencer-Hall, was stopped when it was struck in the rear by a vehicle owned by ICL (see Nsiah-Ababio v Hunter, 78 AD3d 672 [2010]). In opposition to this prima facie showing, ICL and the operator of its vehicle failed to raise a triable issue of fact.
ICL’s contention that the motion should have been denied as premature pursuant to CPLR 3212 (f) is unpersuasive. A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant (see CPLR 3212 [f]; Boorstein v 1261 48th St. Condominium, 96 AD3d 703 [2012]; Dietrich v Grandsire, 83 AD3d 994 [2011]; Trombetta v Cathone, 59 AD3d 526 [2009]). “The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion” (Lopez v *761 WS Distrib., Inc., 34 AD3d 759, 760 [2006]). ICL “failed to submit any affidavits establishing that facts existed which were essential to justify opposition to the motion but were not in its possession in light of the fact that discovery had yet to be completed” (Westport Ins. Co. v Altertec Energy Conservation, LLC, 82 AD3d 1207, 1212 [2011]). In addition, ICL failed to demonstrate that “the facts essential to justify opposition to the motion were exclusively within the knowledge and control” of the plaintiff (Boorstein v 1261 48th St. Condominium, 96 AD3d at 704; see Williams v D & J School Bus, Inc., 69 AD3d 617 [2010]).
Therefore, the Supreme Court should have granted the plaintiffs motion for summary judgment on the issue of the liability of ICL and the operator of ICL’s vehicle. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.