■ CHRISTOPHER N. GALLO, Appellant, v SAPNA M. JAIRATH et al., Respondents. [996 NYS2d 682]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated August 8, 2013, as denied that branch of his cross motion which was for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the defendants Sapna M. Jairath, Surjit Jairath,

and Ramnik Jairath, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendants Sapna M. Jairath, Surjit Jairath, and Ramnik Jairath.

The plaintiff alleges that he was injured when, while she was a passenger in a vehicle operated by the defendant Michael R. Calafiore, Calafiore's vehicle was struck in the rear by a vehicle operated by the defendant Sapna M. Jairath and owned by the defendants Surjit Jairath and Ramnik Jairath (hereinafter collectively the Jairath defendants). After issue was joined, the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability. The Supreme Court denied that branch of the motion. We modify.

When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see Taing v Drewery*, 100 AD3d 740 [2012]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725 [2011]; *Nsiah-Ababio v Hunter*, 78 AD3d 672 [2010]; *see also* Vehicle and Traffic Law § 1129 [a]). Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (*see Maragos v Sakurai*, 92 AD3d 922, 923 [2012]; *Balducci v Velasquez*, 92 AD3d 626, 628 [2012]; *Filippazzo v Santiago*, 277 AD2d 419 [2000]). " 'A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Volpe v Limoncelli*, 74 AD3d 795, 795 [2010], quoting *Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]; *Staton v Ilic*, 69 AD3d 606 [2010]).

Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law against the Jairath defendants by submitting, inter alia, his own affidavit and the police accident report, which both described the circumstances of the accident. This evidence demonstrated that the Calafiore vehicle, in which the plaintiff was a passenger, was struck in the rear by the Jairath vehicle because Sapna M. Jairath failed to brake in time (*see Williams v Spencer-Hall*, 113 AD3d at 760; *Medina v Rodriguez*, 92 AD3d 850, 851 [2012]; *Volpe v Limoncelli*, 74 AD3d at 795). In opposition, the Jairath defendants failed to raise a triable issue of fact. The right of the plaintiff, as a

nonculpable passenger, to summary judgment on the complaint on the issue of liability is not restricted by possible issues of comparative negligence between the defendant drivers (*see* CPLR 3212 [g]; *Anzel v Pistorino*, 105 AD3d 784, 786 [2013]; *Medina v Rodriguez*, 92 AD3d 850, 850 [2012]; *Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206, 207 [2001]; *Johnson v Phillips*, 261 AD2d 269, 272 [1999]; *see also Conigliaro v Premier Poultry, Inc.*, 67 AD3d 954, 955 [2009]). As the plaintiff correctly contends, the affirmation of counsel for the Jairath defendants, standing alone, is insufficient to raise a triable issue of fact (*see* CPLR 3212 [b]; *Roche v Hearst Corp.*, 53 NY2d 767, 769 [1981]; *see also Rotuba Extruders v Ceppos*, 46 NY2d 223, 229 [1978]). Therefore, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the Jairath defendants.

The Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against Calafiore, since the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law regarding Calafiore's liability in causing or contributing to the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Therefore, we need not consider the adequacy of the papers submitted in opposition to that branch of the cross motion. Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.