■ Joseph Bene, Appellant, v Lynn Dalessio et al., Respondents. [22 NYS3d 237]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Zuckerman, J.), dated June 3, 2015, as denied that branch of his motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.

The plaintiff allegedly was injured when a vehicle he was operating was struck in the rear by a vehicle operated by the defendant Stephanie Dalessio and owned by the defendant Lynn Dalessio.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906 [2008]; *Drakh v Levin*, 123 AD3d 1084 [2014]; *Hauswirth v Transcare N.Y., Inc.*, 97 AD3d 792, 794 [2012]; *Napolitano v Galletta*, 85 AD3d 881 [2011]; *Volpe v Limoncelli*, 74 AD3d 795, 795 [2010]; *Ahmad v Grimaldi*, 40 AD3d 786 [2007]; *Purcell v Axelsen*, 286 AD2d

379 [2001]). The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence demonstrating that he had been stopped in traffic for about 30 seconds when he was rear-ended by the defendants' vehicle (*see Sokolowska v Song*, 123 AD3d 1004, 1005 [2014]; *Lisetskiy v Weiss*, 123 AD3d 775, 777 [2014]; *Gallo v Jairath*, 122 AD3d 795, 797 [2014]). In opposition, the defendants failed to raise a triable issue of fact. The defendant driver's contention that the plaintiff's vehicle came to a sudden stop was conclusory and insufficient, in and of itself, to provide a nonnegligent explanation for the rear-end collision (*see Brothers v Bartling*, 130 AD3d 554, 556 [2015]; *Xian Hong Pan v Buglione*, 101 AD3d 706, 707 [2012]). Furthermore, the defendant driver's contention that she did not recall seeing brake lights or any other illumination on the plaintiff's vehicle prior to the collision was also insufficient to raise a triable issue of fact (*see Balducci v Velasquez*, 92 AD3d 626, 629 [2012]; *Cortes v Whelan*, 83 AD3d 763, 764 [2011]; *Macauley v ELRAC, Inc.*, 6 AD3d 584, 585 [2004]). Moreover, to the extent that the defendants contend that the plaintiff's brake lights malfunctioned, they failed to provide evidence sufficient to raise a triable issue of fact as to whether the alleged malfunctioning of the brake lights was a proximate cause of the accident (*see Gross v Marc*, 2 AD3d 681, 682 [2003]; *Filippazzo v Santiago*, 277 AD2d 419, 420 [2000]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.