BLANCA B. NIQUEPA DE CASTILLO et al., Appellants, v JOHN A. SORMELEY, Respondent. [32 NYS3d 654]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Velasquez, J.), entered July 8, 2015, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

The plaintiffs Blanca B. Niquepa De Castillo and Daniela Sanchez (hereinafter Daniela) allege that they were passengers in a motor vehicle operated by Daniela's mother, the plaintiff Yisseth Sanchez (hereinafter Sanchez), when that vehicle was struck in the rear by a vehicle operated by the defendant on 32nd Avenue at its intersection with Francis Lewis Boulevard, in Queens. The plaintiffs commenced this action against the defendant, and moved for summary judgment on the issue of liability. The Supreme Court denied the motion. We reverse.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Theo v Vasquez*, 136 AD3d 795, 796 [2016]; *Le Grand v Silberstein*, 123 AD3d 773, 774 [2014]; *Cheow v Cheng Lin Jin*, 121 AD3d 1058, 1058-1059 [2014]; *Volpe v Limoncelli*, 74 AD3d 795, 795 [2010]). "While a

nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, 'vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead' " (*Theo v Vasquez*, 136 AD3d at 796, quoting *Brothers v Bartling*, 130 AD3d 554, 556 [2015] [internal quotation marks omitted]; *see Volpe v Limoncelli*, 74 AD3d at 795-796).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting De Castillo's affidavit, which demonstrated that the plaintiffs' vehicle was stopped at a red light at the subject intersection for approximately 10 seconds when it was struck in the rear by the defendant's vehicle, and that no negligence on the part of the plaintiffs contributed to the accident (*see Bene v Dalessio*, 135 AD3d 679, 680 [2016]; *Volpe v Limoncelli*, 74 AD3d at 795; *see also Theo v Vasquez*, 136 AD3d at 796; *Le Grand v Silberstein*, 123 AD3d at 775).

In opposition to the plaintiffs' prima facie showing, the defendant failed to raise a triable issue of fact (*see Brothers v Bartling*, 130 AD3d at 556; *Le Grand v Silberstein*, 123 AD3d at 775). According to the defendant's affidavit, on the day of the collision, he observed that approximately three seconds remained on the "Walk" sign before the light would change from green to red, when he saw the plaintiffs' vehicle stop at the subject intersection. The defendant further averred that he thought that Sanchez would turn her vehicle, "either left or right," but the vehicle did not move, and "after a second," he pressed on his brakes but skidded on the roadway, which was wet and covered by wet leaves, and the accident ensued.

A driver has "a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (*Gallo v Jairath*, 122 AD3d 795, 796 [2014]; *see Balducci v Velasquez*, 92 AD3d 626, 628 [2012]). Here, the defendant specifically averred that he saw the plaintiffs' vehicle stop at the intersection but he did not immediately depress his brakes. The defendant's explanation for not immediately stopping—that the traffic light was green and he believed that the plaintiffs' vehicle would proceed into the intersection and turn (even though he does not aver that he saw a turn signal)—did not obviate his duty to stop when he saw that the plaintiffs' vehicle was stopped (*see Cheow v Cheng Lin Jin*, 121 AD3d at 1059; *Sayyed v Murray*, 109 AD3d 464, 465 [2013]; *Volpe v Limoncelli*, 74 AD3d at 796; *Faul v Reilly*, 29 AD3d 626, 626

[2006]). Thus, the defendant failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for the rear-end collision (*see Bene v Dalessio*, 135 AD3d at 680; *Brothers v Bartling*, 130 AD3d at 556).

Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.