Martinez v Allen (2018 NY Slip Op 05462)





Martinez v Allen


2018 NY Slip Op 05462


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-06253
 (Index No. 52391/16)

[*1]Hector F. Martinez, appellant, 
v
Rosemary Allen, respondent.


Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for appellant.
Burke, Conway & Dillon, White Plains, NY (Michelle J. Piantadosi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated May 24, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On the morning of May 28, 2016, the plaintiff's vehicle struck the defendant's vehicle on State Route 82 at or near its intersection with Cole Road in the town of La Grange. Prior to the incident, both vehicles were traveling in the southbound lane of State Route 82. The plaintiff commenced this action against the defendant alleging that he sustained personal injuries as a result of the accident. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's negligence in striking the rear of the defendant's stopped vehicle was the sole proximate cause of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; De Castillo v Sormeley, 140 AD3d 918). There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427), and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Suris v Citiwide Auto Leasing, Inc., 145 AD3d 817; Boulos v Lerner-Harrington, 124 AD3d 709). "[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (Tutrani v County of Suffolk, 64 AD3d 53, 59-60 [internal quotation marks omitted]).
Here, in support of her motion for summary judgment, the defendant submitted an affidavit in which she averred that she brought her vehicle to a gradual stop to make a left turn onto Cole Road from the southbound lane of State Route 82. She activated her left turning signal and had been stopped for at least 35 seconds, waiting for traffic to clear, when her vehicle was struck in the [*2]rear by the plaintiff's vehicle. The defendant's affidavit was sufficient to establish the defendant's prima facie entitlement to judgment as a matter of law, as it demonstrated that she was not comparatively negligent in the happening of the accident and that the plaintiff was solely at fault (see De Castillo v Sormeley, 140 AD3d at 919; Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 727).
In opposition, the plaintiff averred that the defendant made a sudden stop and failed to give proper signals, as required by Vehicle and Traffic Law § 1163. The plaintiff's affidavit was sufficient to raise a triable issue of fact as to whether the defendant negligently caused or contributed to the accident (see Gleason v Villegas, 81 AD3d 889, 890; Costa v Eramo, 76 AD3d 942; Klopchin v Masri, 45 AD3d 737, 738).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court