Noel v Nationwide Ins. Co. of Am. (2019 NY Slip Op 02348)





Noel v Nationwide Ins. Co. of Am.


2019 NY Slip Op 02348


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-13117
 (Index No. 513650/16)

[*1]Kellon Noel, respondent, 
v
Nationwide Insurance Company of America, appellant.


Hollander Legal Group, P.C. (Harris J. Zakarin, P.C., Melville, NY, of counsel), for appellant.
Aleksandr Vakarev, Brooklyn, NY (Harlan Wittenstein of counsel), for respondent.



DECISION & ORDER
In an action to recover no-fault benefits for medical expenses, the defendant appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 26, 2017. The order, inter alia, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.
On October 3, 2014, the plaintiff allegedly was injured when he was struck by a motor vehicle owned by George W. Nellen. The defendant was Nellen's motor vehicle insurance carrier at the time of the accident. The plaintiff submitted an application for no-fault benefits for medical expenses to the defendant. The defendant denied the plaintiff's application on the ground that the plaintiff's injuries were not causally related to the alleged motor vehicle accident.
The plaintiff commenced this action to recover no-fault benefits for medical expenses. After issue was joined, the defendant moved pursuant to CPLR 3212, CPLR 3211(a)(1), (3), and (7) to dismiss the complaint. The defendant alleged, inter alia, that the plaintiff had assigned his eligibility to receive no-fault benefits from the defendant to various medical providers, and, thus, he had no standing to maintain the action. The Supreme Court denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) and (7), and in effect denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(3) and CPLR 3212, on the grounds that the motion was premature due to outstanding disclosure. The defendant appeals.
The defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff assigned his right to no-fault benefits to 10 different medical providers (see Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). In opposition, the plaintiff failed to raise a triable issue of fact (cf. Abruscato v Allstate Prop. & Cas. Ins. Co., 165 AD3d 1209).
We disagree with the Supreme Court's denial of the defendant's motion without [*2]prejudice with leave to renew due to outstanding disclosure. The plaintiff failed to establish that discovery might lead to relevant evidence, or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the defendant (see CPLR 3212[f]; Portalatin v City of New York, 165 AD3d 1302; Williams v Spencer-Hall, 113 AD3d 759, 760; Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 704).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court