Resnick v Wainwright (2021 NY Slip Op 01795)





Resnick v Wainwright


2021 NY Slip Op 01795


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-08164
 (Index No. 505286/18)

[*1]Richard Resnick, et al., appellants,
v
David Wainwright, respondent.


Wade T. Morris, New York, NY, for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 13, 2019. The order denied the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.
On October 6, 2015, a vehicle operated by the plaintiff Richard Resnick, in which the plaintiff Joann Gundersen was a passenger, was struck in the rear by a vehicle operated by the defendant. The plaintiffs subsequently commenced this action against the defendant. After joinder of issue, but prior to the completion of discovery, the plaintiffs moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiffs appeal.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Arslan v Costello, 164 AD3d 1408, 1409). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Bloechle v Heritage Catering, Ltd., 172 AD3d 1294, 1295; Bene v Dalessio, 135 AD3d 679).
Here, the plaintiffs established their entitlement to judgment as a matter of law on the issue of liability by demonstrating, prima facie, that the defendant was negligent in striking the rear of their vehicle while it was stopped (see Clements v Giatas, 178 AD3d 894, 895; Odetalla v Rodriguez, 165 AD3d 826). In opposition, the defendant failed to raise a triable issue of fact as to the existence of a nonnegligent explanation for the collision (see Staton v Ilic, 69 AD3d 606). Contrary to the defendant's contention, the motion was not premature (see CPLR 3212[f]).
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court