In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 10, 2011, which denied his motion for summary judgment on the issue of liability, and (2) as limited by his brief, from so much of an order of the same court dated January 10, 2012, as, in effect, upon reargument, adhered to the original determination.
Ordered that the appeal from the order dated June 10, 2011, is dismissed, as that order was superseded by the order dated January 10, 2012, made, in effect, upon reargument; and it is further,
Ordered that the order dated January 10, 2012, is reversed insofar as appealed from, on the law, upon reargument, the order dated June 10, 2011, is vacated, and the plaintiffs motion for summary judgment on the issue of liability is granted; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
On August 20, 2008, the defendant was driving across the Brooklyn Bridge from Brooklyn to Manhattan. She testified at her deposition that her highest rate of speed between stops in the “stop-and-go” traffic was only five miles per hour. She further testified that the car that had been driving in front of her for about five minutes, which was driven by the plaintiff, “slammed” its brakes, so she “slammed” her brakes in response. She further testified that her car was only four feet behind the plaintiffs car five seconds before the accident, and *741 that her car hit the plaintiffs car, although the airbags did not deploy.
The plaintiff commenced the instant action, alleging that he had sustained serious injuries as a result of the collision, and subsequently moved for summary judgment on the issue of liability. By order dated June 10, 2011, the Supreme Court denied the motion, determining that the plaintiffs deposition testimony that he made a sudden stop was sufficient to raise a triable issue of fact to rebut the inference that the defendant was negligent. The plaintiff then moved for leave to reargue his motion for summary judgment. By order dated January 10, 2012, the Supreme Court, in effect, granted the motion for leave to reargue but adhered to its original determination. The plaintiff appeals.
When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (see Gaeta v Carter, 6 AD3d 576, 576-577 [2004]; Power v Hupart, 260 AD2d 458 [1999]; Vehicle and Traffic Law § 1129 [a]). However, the frontmost driver also has the duty to avoid stopping suddenly or slowing down without signaling to avoid a collision (see Chepel v Meyers, 306 AD2d 235, 236 [2003]; Purcell v Axelsen, 286 AD2d 379, 380 [2001]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that his car was struck from behind by the defendant’s car. In opposition, the defendant failed to raise a triable issue of fact. Contrary to the Supreme Court’s conclusion, the plaintiff’s testimony that he made a sudden stop did not raise a triable issue of fact (see generally Stukas v Streiter, 83 AD3d 18, 24 [2011]). Even if the plaintiff did, in fact, come to a sudden stop, “vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead” (Shamah v Richmond, County Ambulance Serv., 279 AD2d 564, 565 [2001], citing Vehicle and Traffic Law § 1129 [a]; see Leal v Wolff, 224 AD2d 392, 394 [1996]). Here, in heavy traffic in which her car never went faster than five miles per hour, the defendant failed to raise a triable issue of fact as to whether she maintained a safe distance between her car and the plaintiff’s car and anticipated that the plaintiff might come to a sudden stop. Accordingly, the Supreme Court should have, upon reargument, granted the plaintiff’s motion for summary judgment on the issue of liability. Eng, EJ., Florio, Sgroi and Miller, JJ., concur.