■ RASHREE SINGH, Respondent-Appellant, and KAMLA NARSINGH et al., Respondents, v CITY LIMOUSINE TRANSPORTATION, INC., et al., Appellants-Respondents, et al., Defendant. [19 NYS3d 72]—

In an action to recover damages for personal injuries, the defendants City Limousine Transportation, Inc., and Luis Malan appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered November 19, 2013, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiff Rashree Singh cross-appeals, as limited by her brief, from so much of the same order as, in effect, denied her cross motion for summary judgment dismissing the counterclaim of the defendants City Limousine Transportation, Inc., and Luis Malan against her.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants City Limousine Transportation, Inc., and Luis Malan which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Majaina Ibrahim-Singh, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof, in effect, denying the cross motion of the plaintiff Rashree Singh for summary judgment dismissing the counterclaim of the defendants City Limousine Transportation, Inc., and Luis Malan against her, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants City Limousine Transportation, Inc., and Luis Mulan payable by the plaintiff Majaina Ibrahim-Singh, and one bill of costs to the plaintiffs Rashree Singh and Kamla Narsingh payable by the defendants City Limousine Transportation, Inc., and Luis Mulan.

The defendants City Limousine Transportation, Inc., and Luis Malan (hereinafter together the Malan defendants) failed to meet their prima facie burden of showing that the plaintiff Rashree Singh and the plaintiff Kamla Narsingh each did not

sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the Malan defendants failed to adequately address Singh's and Narsingh's respective claims, set forth in their bills of particulars, that each of them sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the Malan defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see id.*). Thus, the Supreme Court properly denied that branch of the Malan defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them by Singh and Narsingh.

The Malan defendants did, however, meet their prima facie burden of showing that the plaintiff Majaina Ibrahim-Singh did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d at 956-957). The Malan defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Ibrahim-Singh's spine and to her left shoulder did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that the alleged injuries to the cervical region of Ibrahim-Singh's spine and to her left shoulder were not caused by the accident, in any event (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The Malan defendants further submitted evidence demonstrating, prima facie, that Ibrahim-Singh did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Karpinos v Cora*, 89 AD3d 994, 995 [2011]).

Ibrahim-Singh failed to raise a triable issue of fact in opposition. Thus, the Supreme Court should have granted that branch of the Malan defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them by Ibrahim-Singh.

Finally, the Supreme Court erred by, in effect, denying Singh's cross motion for summary judgment dismissing the Malan defendants' counterclaim against her. In support of the cross motion, Singh demonstrated that she was not negligent in the happening of the accident by submitting evidence that

her vehicle was at a complete stop when the vehicle driven by Luis Malan struck her vehicle from behind (*see Taing v Drewery*, 100 AD3d 740, 741 [2012]; *see generally Boulos v Lerner-Harrington*, 124 AD3d 709 [2015]). In opposition, the Malan defendants claimed that Singh's vehicle came to a sudden stop. "[V]ehicle stops which are foreseeable under the prevailing traffic conditions . . . must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead" (*Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]; *see Taing v Drewery*, 100 AD3d at 740). The Malan defendants failed to submit evidence sufficient to raise a triable issue of fact whether Singh was negligent under the circumstances in making the alleged sudden stop (*see Taing v Drewery*, 100 AD3d at 741; *Shamah v Richmond County Ambulance Serv.*, 279 AD2d at 565). Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.