Newman v Apollo Tech Iron Work Corp. (2020 NY Slip Op 06538)





Newman v Apollo Tech Iron Work Corp.


2020 NY Slip Op 06538


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-10770
 (Index No. 506217/17)

[*1]Helen Denise Newman, respondent, 
v
Apollo Tech Iron Work Corp., et al., appellants.


Cheven, Keely & Hatzis, New York, NY (Thomas Torto of counsel), for appellants.
David Horowitz, P.C., New York, NY (Christopher S. Joslin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated April 25, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the vehicle she was operating was struck in the rear by a vehicle owned by the defendant Apollo Tech Iron Work Corp. and operated by the defendant Steven Seecharan. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendants appeal.
The driver of an automobile approaching another automobile from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (see Taing v Drewery, 100 AD3d 740, 741; Scheker v Brown, 85 AD3d 1007). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Waide v ARI Fleet, LT, 143 AD3d 975, 975). "While a non-negligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, vehicle stops which are foreseeable under the prevailing traffic conditions must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead" (Waide v ARI Fleet, LT, 143 AD3d at 976; see Theo v Vasquez, 136 AD3d 795).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that her vehicle was struck from behind by the defendants' vehicle (see Rodriguez v City of New York, 31 NY3d 312; Taing v Drewery, 100 AD3d at 741).
In opposition, the defendants submitted an affidavit from Seecharan which failed to [*2]provide a non-negligent explanation for striking the rear of the plaintiff's vehicle. Seecharan averred that there was heavy traffic at the time of the accident, and that it was raining. According to Seecharan, shortly before the accident occurred, the traffic in front of him had come to a stop and he brought his vehicle to a stop approximately one to two feet behind the plaintiff's vehicle. The plaintiff's vehicle began to move forward, and Seecharan began to move his vehicle forward, but the plaintiff's vehicle came to a sudden stop. Seecharan asserted that he applied the breaks, but the roadway was wet and he could not stop his vehicle in time to avoid the collision. Given the traffic conditions as described in Seecharan's affidavit, the defendants failed to raise a triable issue of fact as to whether Seecharan maintained a safe distance between his vehicle and the plaintiff's vehicle and anticipated that the plaintiff might come to a sudden stop (see Arslan v Costello, 164 AD3d 1408, 1409-1410; Taing v Drewery, 100 AD3d at 741; Plummer v Nourddine, 82 AD3d 1069, 1070; Volpe v Limoncelli, 74 AD3d 795, 795-796). Furthermore, the inference of negligence was not rebutted by Seecharan's assertion that he was unable to stop because his vehicle skidded on the wet roadway, as the defendants failed to demonstrate that Seecharan's skid on known road conditions was unavoidable (see Morgan v Flippen, 173 AD3d 735, 736; Plummer v Nourddine, 82 AD3d at 1070; Volpe v Limoncelli, 74 AD3d at 796).
The defendants' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court