Edwards v Cheezwhse Com, Inc. (2022 NY Slip Op 06688)

Edwards v Cheezwhse Com, Inc.

2022 NY Slip Op 06688

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03529
 (Index No. 504138/18)

[*1]Gilberto Edwards, respondent,
v
Cheezwhse Com, Inc., et al., appellants.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Stephen D. Straus of counsel), for appellants.
Gabriel Law Firm, P.C., Rockville Centre, NY (Thomas Bernard of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 27, 2020. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On December 21, 2017, a vehicle the plaintiff was operating allegedly was struck in the rear by a vehicle operated by the defendant Tremayne Garrett (hereinafter the defendant driver) and owned by the defendant Cheezwhse Com, Inc. The plaintiff allegedly sustained personal injuries as a result of the collision, and commenced this action against the defendants. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. The defendants appeal.
In support of his motion, the plaintiff submitted, inter alia, his own affidavit, which demonstrated, prima facie, that the defendant driver was negligent in striking the rear of the plaintiff's vehicle (see Vehicle and Traffic Law § 1129[a]; see generally Newman v Apollo Tech Iron Work Corp., 188 AD3d 902, 903; Adam v Catania, 170 AD3d 636). In opposition, the defendants failed to raise a triable issue of fact. The defendants did not submit an affidavit from the defendant driver to raise a triable issue of fact as to whether there was a nonnegligent explanation for striking the rear of the plaintiff's vehicle (see Maliakel v Morio, 185 AD3d 1018, 1019; Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737; Niyazov v Bradford, 13 AD3d 501).
Furthermore, contrary to the defendants' contention, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Gaston v Vertsberger, 176 AD3d 919, 920; Lazarre v Gragston, 164 AD3d 574, 575; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955).
The contention raised by the plaintiff in Point V of his brief is without merit.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court