Willingham v LeJarde (2023 NY Slip Op 03723)

Willingham v LeJarde

2023 NY Slip Op 03723

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-02559
 (Index No. 704038/19)

[*1]Paulina Willingham, respondent,
v
Florante LeJarde, et al., appellants.

Martyn, Martyn, Smith & Murray, Mineola, NY (David W. Allen and Gene Stith of counsel), for appellants.
The Law Offices of Hayes Young, P.A. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), entered April 8, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint and granted the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On March 18, 2016, near Baltimore, Maryland, a vehicle operated by the plaintiff allegedly was struck by a vehicle owned by the defendant Purisima LeJarde and operated by the defendant Florante LeJarde (hereinafter the defendant driver). The plaintiff commenced this action in the Supreme Court, Queens County, against the defendants to recover damages for personal injuries and injury to property. The court denied the defendants' motion for summary judgment dismissing the complaint and granted the plaintiff's cross-motion for summary judgment on the issue of liability. The defendants appeal.
The Supreme Court correctly found that, under the circumstances, there was no actual conflict between New York law and Maryland law that it needed to resolve before deciding the motions. The substantive rules in each jurisdiction that are relevant to the conduct at issue are the same under the law of either jurisdiction (see Vehicle and Traffic Law § 1129[a]; Md Code Ann, Transp § 21-310).
In support of her cross-motion, the plaintiff submitted, inter alia, her own affidavit, which demonstrated, prima facie, that the defendant driver was negligent in striking the rear of the plaintiff's vehicle (see Vehicle and Traffic Law § 1129[a]; accord Brehm v Lorenz, 206 Md 500, 505, 112 AD2d 475, 478; Teufel v O'Dell, 123 Md App 51, 55, 716 AD2d 1067, 1068-1069; see generally Edwards v Cheezwhse Com, Inc., 210 AD3d 952, 952-953; Newman v Apollo Tech Iron Work Corp., 188 AD3d 902, 903). Although that affidavit was notarized outside of New York State and not accompanied by a certificate of conformity as required by CPLR 2309(c), this was not a fatal defect (see id. § 2001; American Express Natl. Bank v Hoffman, 210 AD3d 1039, 1040; Midfirst Bank v Agho, 121 AD3d 343, 352).
Contrary to the defendants' contention, the evidence they submitted in support of their motion for summary judgment dismissing the complaint and in opposition to the plaintiff's cross-motion for summary judgment on the issue of liability did not establish that the plaintiff was speeding, failed to keep a proper lookout, or was in any way at fault in the happening of the accident. Accordingly, the Supreme Court properly denied the defendants' motion and granted the plaintiff's cross-motion.
The defendants' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court