Crist v Rosenberger (2023 NY Slip Op 04188)

Crist v Rosenberger

2023 NY Slip Op 04188

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-03634
2021-04397
 (Index No. 8622/17)

[*1]Shawn Crist, etc., respondent, 
v
Robert Rosenberger, appellant.

O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery Effinger of counsel), for appellant.
Finkelstein & Partners, LLP, Newburgh, NY (George A. Kohl II of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated April 29, 2021, and (2) an interlocutory judgment of the same court dated June 10, 2021. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence, and denied the defendant's cross-motion pursuant to CPLR 3211(a)(2) to dismiss the amended complaint for lack of subject matter jurisdiction or, in the alternative, for summary judgment dismissing the amended complaint on that ground. The interlocutory judgment, upon the order, is in favor of the plaintiff and against the defendant on the issue of liability.
ORDERED that the appeal from the order is dismissed, as the order was superseded by the interlocutory judgment; and it is further,
ORDERED that the interlocutory judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2017, Leroy Crist III (hereinafter Leroy) allegedly was injured while crossing a street in the City of Newburgh when he was struck by a vehicle owned and operated by the defendant. The defendant testified at his deposition that, prior to the impact, he first observed Leroy in the street from a distance of approximately 45 feet away. The defendant "[m]omentarily" applied his brakes and then proceeded at a speed of "[m]ore than five miles an hour, but less than [*2]ten." The defendant kept Leroy in his view "[a]side from the blockage from the pillar" of his vehicle supporting his windshield. The defendant testified that his vehicle struck Leroy's leg and Leroy's body then hit the vehicle's windshield. The defendant testified that he was traveling straight ahead at the moment of impact, and he did not apply his brakes until the point of impact. The defendant estimated that his vehicle traveled approximately eight feet following the impact.
In October 2017, Leroy commenced this action to recover damages for personal injuries he allegedly sustained in the accident. Shawn Crist was thereafter appointed guardian of Leroy's person and property, and he was substituted as the plaintiff.
The plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence. The defendant opposed the motion and cross-moved pursuant to CPLR 3211(a)(2) to dismiss the amended complaint for lack of subject matter jurisdiction or, in the alternative, for summary judgment dismissing the amended complaint on that ground. In support of his cross-motion, the defendant contended that, at the time of the accident, he was acting in the scope of his employment as a parole officer with the New York State Department of Corrections and Community Supervision conducting curfew/residential checks on parolees, and, therefore, Correction Law § 24 vested exclusive jurisdiction over this action in the Court of Claims. The Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
Initially, contrary to the defendant's contention, the plaintiff was not required to bring this action in the Court of Claims under Correction Law § 24. "Pursuant to Correction Law § 24, any claim against an officer of the Department of Correctional Services 'arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties' of said officer 'shall be brought and maintained in the court of claims as a claim against the state'" (Bahadur v New York State Dept. of Correctional Servs., 88 AD3d 629, 630-631, quoting Correction Law § 24[1] and [2]). Here, the plaintiff's action is against the defendant individually for an alleged breach of a duty of care owed by the defendant directly to Leroy, and not one against State officers as representatives of the State in their official capacity which had to be brought in the Court of Claims pursuant to Correction Law § 24 (see Morell v Balasubramanian, 70 NY2d 297, 302; Mark v Vasseur, 213 AD2d 927). Accordingly, the Supreme Court properly denied the defendant's cross-motion pursuant to CPLR 3211(a)(2) to dismiss the amended complaint for lack of subject matter jurisdiction or, in the alternative, for summary judgment dismissing the amended complaint on that ground.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Sapienza v Harrison, 191 AD3d 1028, 1029). "A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034; see Rodriguez v City of New York, 31 NY3d 312, 324-325). "Even though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d at 1029; see Flores v Rubenstein, 175 AD3d 1490, 1491).
"A driver is bound to see what is there to be seen with the proper use of his or her senses" (Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790). "A driver also has a statutory duty to use due care to avoid colliding with pedestrians on the roadway" (Lieb v Jacobson, 202 AD3d 1072, 1073 [internal quotation marks omitted], citing Vehicle and Traffic Law § 1146).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability. The plaintiff's submissions in support of his motion, including, inter alia, the transcript of the defendant's deposition testimony and still photographs of video surveillance footage of the incident, demonstrated, prima facie, that the defendant failed to keep a proper lookout and failed to exercise due care to avoid hitting Leroy while he was crossing the street (see Vehicle and Traffic Law § 1146; Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1011). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging comparative negligence by demonstrating that Leroy was not at fault in the happening of the accident (see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d at 790).
In opposition to the plaintiff's prima facie showings, the defendant failed to raise a triable issue of fact as to either his negligence or whether Leroy was comparatively at fault in the happening of the accident (see Xiuying Cui v Hussain, 207 AD3d 788, 789). The defendant's statement in his affidavit that Leroy stepped into the driver's side of the vehicle "at the last moment" was belied by the evidence in the record, including the still photographs of video surveillance footage of the incident, and was not credible as a matter of law under the circumstances of this case (see Dorazio v Delbene, 37 AD3d 645, 646).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence.
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court