O'Hara v Bancker Constr. Corp. (2024 NY Slip Op 01721)

O'Hara v Bancker Constr. Corp.

2024 NY Slip Op 01721

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-09747
 (Index No. 606868/22)

[*1]Kathleen O'Hara, respondent, 
v
Bancker Construction Corp., et al., appellants.

Westermann Sheehy Samaan & Gillespie, LLP, East Meadow, NY (Peter S. Samaan of counsel), for appellants.
The Barnes Firm, P.C., Garden City, NY (Robert Seigal of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), dated October 25, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 6, 2019, the plaintiff allegedly sustained personal injuries in a multivehicle chain collision accident on Sunrise Highway in Seaford. The plaintiff was operating a vehicle that was stopped at a red light, when the vehicle was struck in the rear by a vehicle owned by the defendant Bancker Construction Corp. and operated by the defendant John J. Liccione III (hereinafter the defendant driver). As a result of the accident, the plaintiff's vehicle was propelled into the vehicle stopped ahead of her vehicle. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries. The plaintiff subsequently moved, among other things, for summary judgment on the issue of liability. By order dated October 25, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. The defendants appeal.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Graham v New York City Tr. Auth., 219 AD3d 1316, 1317 [internal quotation marks omitted]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonngeligent explanation for the collision to rebut the inference of negligence" (Nicola v Nicolas, 208 AD3d 791, 793 [internal quotation marks omitted]). "A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Donnellan v LaMarche, 221 AD3d 783, 784 [internal quotation marks omitted]).
Here, the plaintiff established her prima facie entitlement to summary judgment on the issue of liability through the submission of her own affidavit, in which she averred that, while she was stopped at a red light for 10 to 12 seconds, her vehicle was struck in the rear by the [*2]defendants' vehicle and propelled into the vehicle in front of her (see Nicola v Nicolas, 208 AD3d at 793; Liddell v Morrison, 204 AD3d 987, 988; Chuk Hwa Shin v Correale, 142 AD3d 518, 519).
In opposition, the defendants failed to raise a triable issue of fact (see Cortes v Whelan, 83 AD3d 763, 764). "The defendants did not submit an affidavit from the defendant driver to [potentially] raise a triable issue of fact as to whether there was a nonnegligent explanation for striking the rear of the plaintiff's vehicle" (Edwards v Cheezwhse Com, Inc., 210 AD3d 952, 953). "[C]ontrary to the defendants' contention, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff" (id. at 953, citing CPLR 3212[f]). The defendants' assertion that the plaintiff was comparatively at fault in causing the accident was made without evidentiary support. Moreover, even if there were evidentiary support for the defendants' assertion that the plaintiff was comparatively at fault, it would be "insufficient to defeat the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability" (Whaley v Carvana N.Y. City, 219 AD3d 1561, 1563, citing Rodriguez v City of New York, 31 NY3d 312, 324-325).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court