Mora v Moore (2024 NY Slip Op 02533)

Mora v Moore

2024 NY Slip Op 02533

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-02235
 (Index No. 504096/21)

[*1]Edwin Mora, plaintiff, Rebecca Lopez, appellant,
v
Richard Dwayne Moore, et al., respondents.

Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellant.
Barclay Damon LLP, New York, NY (Michael J. Case and Daniel Martucci of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Rebecca Lopez appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated February 8, 2022. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence insofar as asserted against the plaintiff Rebecca Lopez.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises from a collision between a vehicle operated by the plaintiff Rebecca Lopez and an approximately 50-foot tractor-trailer operated by the defendant Richard Dwayne Moore in Manhattan near the intersection of West 179th Street and Broadway. At the time of the accident, Moore was making a left-hand turn from Broadway onto West 179th Street when the left back portion of the trailer came into contact with the right rear panel of the plaintiffs' vehicle. The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained in the accident, and subsequently moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence. In the order appealed from, the Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the issue of the defendants' liability and denied that branch of the plaintiffs' motion which was for summary judgment dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence insofar as asserted against Lopez. Lopez appeals.
Although it was established that Moore was negligent and that his negligence was a proximate cause of the alleged injuries, there can be more than one proximate cause of an accident (see Bornsztejn v Zito, 221AD3d 770, 771; Balanta v Go Lin Wu, 220 AD3d 720, 721; Wiessner v Phillips, 201 AD3d 776, 777). In order to be entitled to summary judgment dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence, Lopez was required to establish her own freedom from comparative negligence (see Crist v Rosenberger, 219 AD3d 569, 571; Seizeme v Levy, 208 AD3d 809, 810; Sapienza v Harrison, 191 AD3d 1028, 1029).
The evidence submitted by the plaintiffs in support of their motion established, prima facie, that Lopez was not comparatively at fault in the happening of the accident (see Joseph-Felix [*2]v Hersh, 208 AD3d 571, 572; Diamond v Comins, 194 AD3d 784, 785). In opposition, however, the defendants raised a triable issue of fact as to whether Lopez was comparatively at fault in the happening of the accident (see Joseph-Felix v Hersh, 208 AD3d at 573; Ustelimova v Madar, 159 AD3d 984, 984).
Lopez's remaining contention concerning the uncertified police accident report is not properly before this Court, as it is raised on appeal for the first time in her reply brief (see Yasso v Town of Brookhaven, 219 AD3d 784, 787; Deutsche Bank Natl. Trust Co. v Smith, 211 AD3d 817, 819-820).
Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment dismissing the defendants' affirmative defenses alleging culpable conduct and comparative negligence insofar as asserted against Lopez.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court