Cui Lan Mai v Jets Towing, Inc. (2026 NY Slip Op 00875)

Cui Lan Mai v Jets Towing, Inc.

2026 NY Slip Op 00875

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-04846
 (Index No. 509963/23)

[*1]Cui Lan Mai, respondent, 
vJets Towing, Inc., et al., appellants.

Smith Mazure, P.C., New York, NY (Louise M. Cherkis of counsel), for appellants.
Wade T. Morris, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Caroline Piela Cohen, J.), dated February 22, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 23, 2023, the plaintiff allegedly was injured while crossing Atlantic Avenue near its intersection with Brooklyn Avenue, when she was struck by a vehicle operated by the defendant Jeffery Joseph Munoz (hereinafter the defendant driver) on behalf of his employer, the defendant Jets Towing, Inc. Immediately prior to the accident, the defendants' vehicle was stopped on a pedestrian crosswalk near the intersection. The plaintiff walked in front of the defendants' vehicle, which started to accelerate and struck the plaintiff.
In March 2023, the plaintiff commenced this action to recover damages for personal injuries against the defendants. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated February 22, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Wei Ping Zheng v Sun & Son, Inc., 233 AD3d 733, 734 [internal quotation marks omitted]; see Shanyou Liu v Joerg, 223 AD3d 762, 763). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Xiuying Cui v Hussain, 207 AD3d 788, 789; see Rodriguez v City of New York, 31 NY3d 312, 317-325).
"'A driver is bound to see what is there to be seen with the proper use of his or her senses'" (Crist v Rosenberger, 219 AD3d 569, 571, quoting Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790). "'A driver also has a statutory duty' pursuant to Vehicle and Traffic Law § 1146 'to use due care to avoid colliding with pedestrians on the roadway, as well as a common-law duty to see that which he or she should have seen through the proper use of his or her senses'" (Farooq v Uber USA, LLC, 235 AD3d 846, 847, quoting Lieb v Jacobson, 202 AD3d 1072, 1073). "'A violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence [*2]per se'" (Farooq v Uber USA, LLC, 235 AD3d at 847, quoting Ali v Alam, 223 AD3d 642, 644).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, her affidavit, a certified police accident report, and video from a surveillance camera, which demonstrated, prima facie, that the defendant driver negligently failed to see what there was to be seen and to exercise due care to avoid striking the plaintiff while she crossed the street (see Vehicle and Traffic Law § 1146; Frankel v Jaroslawicz, 225 AD3d 742, 743-744; Crist v Rosenberger, 219 AD3d at 571). The defendants' contention that the plaintiff's affidavit was inadmissible because it was not in compliance with CPLR 2101(b) is improperly raised for the first time on appeal and, thus, is not properly before this Court (see Pyke v Bachan, 123 AD3d 994, 995). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
Contrary to the defendants' contention, that branch of the plaintiff's motion which was for summary judgment on the issue of liability was not premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see CPLR 3212[f]; Quintanilla v Mark, 210 AD3d 713, 714). Here, the defendants failed to offer any evidentiary basis to suggest that discovery might lead to relevant evidence or that facts essential to opposing that branch of the plaintiff's motion which was for summary judgment on the issue of liability were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Edwards v Cheezwhse Com, Inc., 210 AD3d 952, 953; Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court